IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CR304 |
| | ) | |
| V. | ) | |
| | ) | |
| AUSTIN GALVAN, | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's Motion to Dismiss (filing 29), which requests that the court dismiss the Indictment (filing 1), that the court conduct an evidentiary hearing, and that the parties be permitted an additional briefing opportunity following said evidentiary hearing. The government filed a Response in opposition to the defendant's motion (filing 34). Upon consideration, the court concludes that an evidentiary hearing is unnecessary insofar as the defendant's motion asserts that the Indictment (filing 1) is facially deficient, a defect that cannot be remedied by the presentation of evidence. Moreover, for the reasons set forth below, the court concludes that the defendant's motion must be denied.

## II. BACKGROUND

On August 24, 2011, a federal grand jury sitting in the District of Nebraska returned a two-count indictment against the defendant, Austin Galvan ("Galvan"). Count I charged Galvan with Wire Fraud, in violation of 18 U.S.C. § 1343; Count II charged Glavan with Obstruction of Justice, in violation of 18 U.S.C. § 1503. Specifically, as to Count I, the Indictment provides a three-page, seventeen paragraph summary detailing the alleged fraud scheme, the purpose of the alleged scheme, and the manner and means used to execute the alleged scheme. In addition, paragraph 17 of the Indictment identifies the specific interstate wire communication at issue: Access of the PACER system from internet protocol address 69.171.163.5, via the Cricket Mobile network on March 9, 2010. As to Count II, the Indictment restates the factual allegations underlying Count I. Additionally, the Indictment

alleges that Galvan obstructed the administration of justice in the matter of *United States v. Jones*, No. 8:09-cr-421, "by soliciting, demanding, seeking, receiving, accepting, and agreeing to accept payment from the defendant in that case for the stated purpose of corruptly obtaining a more lenient sentence for the defendant in that case." (filing 1 at ¶ 19.)

### III.  ANALYSIS

Galvan moves to dismiss Count I and Count II of the Indictment (filing 1) under Federal Rule of Criminal Procedure 12(b)(3)(B) arguing that the allegations of the Indictment (filing 1) are insufficient to state a claim.   The central focus of any challenge to the sufficiency of an indictment under Rule 12(b)(3)(B) is the indictment itself, nothing more. *See* Fed. R. Crim. P. 12(b)(3)(B) (providing for "a motion alleging a defect in the *indictment* . . . .") (emphasis added).  It follows that a court may only consider the four corners of the indictment to determine whether it states an offense.  *See e.g.* United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) ("the sufficiency of a criminal indictment is determined from its face.").  The Federal Rules of Criminal Procedure provide that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and, for each count, "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."  Fed. R. Crim. P. 7(c)(1).  "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution."  *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001).  "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."  *Id.*  The court will address the sufficiency of the Indictment (filing 1) with regard to each count in turn

### A.  Count I – Wire Fraud

Count I of the Indictment (filing 1) charges Galvan with Wire Fraud, in violation of 18 U.S.C. § 1343.  To convict a defendant of wire fraud, the Government must prove, beyond

a reasonable doubt, that the defendant "[1] voluntarily [participated in] a scheme to defraud another out of money, [2] that he did so with intent to defraud, [3] that it was reasonably foreseeable interstate wire communications would be used, and [4] that interstate wire communications were used." *United States v. Anderson*, 570 F.3d 1025, 1030 (8th Cir. 2009). Galvan disputes the sufficiency of the Indictment on the third element – the reasonable foreseeability that interstate wire communications would be used. Specifically, Galvan contends that the Indictment (filing 1) fails to state a claim because "the utilization of the interstate wire [at issue] was prior to the development of any scheme, thereby making it impossible for the use of the wire communication to be 'reasonably foreseeable.'" (filing 30 at CM/ECF p. 4.) After review of the Indictment and the relevant statutory provision, the court concludes that Galvan's assertion that he accessed the PACER system "prior to the development of any scheme" is not only insufficient to support his motion, it is irrelevant.

The Indictment itself sets forth detailed factual allegations of a scheme stretching from September of 2009 through June of 2010. These allegations include using the PACER system incident to the scheme on or about March 9, 2010. Rather than attacking the sufficiency of the factual allegations contained in the Indictment (filing 1), Galvan claims that "the utilization of the [PACER system] was prior to the development of any scheme." (filing 30 at CM/ECF p. 4.) Whether a scheme existed at the time Galvan utilized the PACER system, however, is a question for the jury. As noted above, when considering a motion to dismiss under Rule 12(b)(3)(B), the court may only consider the contents of the indictment. Here, the Indictment (filing 1) sets forth factual allegations organized in such a manner as to track the elements of Wire Fraud that the Government must prove at trial. As to the third element – the Indictment (filing 1) alleges that Galvan used the PACER system as an important part of his on-going scheme to defraud another. (filing 1 at ¶ 8.) If proven beyond a reasonable doubt, these facts are sufficient for a reasonable jury to find that Galvan did, in fact, commit Wire Fraud. Nothing more is required.

## B. Count II – Obstruction of Justice

Count II of the Indictment (filing 1) charges Galvan with Obstruction of Justice, in violation of 18 U.S.C. § 1503. To convict a defendant of obstruction of justice the

3

Government must prove, beyond a reasonable doubt, that the defendant "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice . . . ." 18 U.S.C. § 1503(a). In addition, "[a] conviction under 1503(a) requires proof of a sufficient nexus between each defendant's actions and an intent to impede judicial proceedings." *United States v. Beale*, 620 F.3d 856, 865 (8th Cir. 2010). "According to the 'nexus' analysis, 'the act must have a relationship in time, causation, or logic with the judicial proceedings.'" *Id.* The crux of Galvan's argument with regard to dismissal of Count II is that he only sought a "windfall" from the defendant in the criminal case *United States v. Jones*, No. 8:09-cr-421, should the defendant "be naive enough" to pay Galvan additional sums. Essentially, Galvan argues that he intended to collect monies from the defendant in the case *United States v. Jones*, but he did not intend to impede the case of *United States v. Jones*.

Similar to Count I, again, here, Galvan does not attack the sufficiency of the factual allegations contained in the Indictment (filing 1). Instead, Galvan offers an explanation of the factual allegations. Such explanations are appropriate at trial, but premature at this point. The Indictment (filing 1) sets forth factual allegations that, if proven beyond a reasonable doubt, provide a sufficient factual basis for a reasonable jury to conclude that Galvan did obstruct justice in violation of 18 U.S.C. § 1503. Specifically, the Indictment (filing 1) alleges that Galvan solicited payment from the defendant in the criminal case *United States v. Jones* for the stated purpose of corruptly obtaining a more lenient sentence for said defendant, although Galvan apparently never took any actions to influence the defendant's sentence. (filing 1 at ¶ 19.) Federal appellate courts have affirmed convictions for obstruction of justice based on nearly identical factual situations nearly identical to those alleged in the Indictment (filing 1). *See e.g. United States v. Buffalano*, 717 F.2d 50 (2d Cir. 1984) (affirming obstruction of justice conviction of attorney who accepted $3,500 payment from defendant to ensure defendant received more lenient sentence, even though attorney took no actions to influence defendant's sentence).

## IV.  CONCLUSION

Accordingly,

**IT IS THE FINDING AND RECOMMENDATION** to the Honorable Joseph F. Bataillon, Chief Judge, that the Defendant's Motion to Dismiss and Request Hearing (filing 29) be denied without hearing.

**Dated this 10th day of November, 2011.**

**BY THE COURT:**

**S/ F.A. Gossett, III**
**United States Magistrate Judge**

## NOTICE

A party may object to the magistrate judge's order by filing an "Statement of Objections to Magistrate Judge's Order" within 14 days after being served with the order.  The objecting party must comply with all requirements of NECrimR 59.2.