IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CR304 |
| | ) | |
| v. | ) | |
| | ) | |
| AUSTIN GALVAN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion to dismiss, Filing No. 29, requesting that the court dismiss the indictment, Filing No. 1. The defendant also asks this court to overrule the findings and recommendations ("F&R") of the magistrate judge, Filing No. 35, that the motion to dismiss be denied, Filing No. 36. Defendant is charged in Count I of the indictment with wire fraud in violation of 18 U.S.C. § 1343 and in Count II with obstruction of justice in violation of 18 U.S.C. § 1503. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge,* 324 F.3d 599, 600-01 (8th Cir. 2003). The court will adopt the F&R of the magistrate judge.

Defendant contends that the indictment is legally insufficient on both Counts I and II. The magistrate judge determined that, as to Count I, the indictment provides a three-page summary alleging a fraudulent scheme, including the manner and means used to execute the scheme. The required nexus to the wire communication is the court's PACER system, via the Cricket Mobile network. As to Count II, the magistrate judge determined that the indictment sufficiently alleges obstruction stating: "by soliciting, demanding, seeking, receiving, accepting, and agreeing to accept payment from the defendant in that case for the stated purpose of corruptly obtaining a more lenient sentence for the defendant in that case." Filing No. 1, ¶ 19. The court agrees with the magistrate judge that

in accordance with Fed. R. Crim. P. 12(b)(3)(B), the government need only make: "a plain, concise, and definite written statement of the essential facts constituting the offense charged," and, for each count, "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). The court has carefully reviewed the indictment in this case and agrees with the magistrate judge that the indictment alleges sufficient information for the defendant to understand the charges against him and to proceed to trial with the case. See *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001) ("An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."). The arguments made by the defendant are largely factual allegations that are more appropriately raised during trial. The court finds the magistrate judge's F&R is correct in all respects and will adopt the same.

THEREFORE, IT IS ORDERED that:

1. The defendant's motion to dismiss, Filing No. 29, is denied;

2. The defendant's objections, Filing No. 36, are overruled; and

3. The F&R of the magistrate judge, Filing No. 35, is adopted in its entirety.

DATED this 16th day of December, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.